UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:07CV-712-R

PEGGY H. BROWN                                                                                                          PLAINTIFF

v.

MASON AND DIXON LINES, INC., ET AL.                                                              DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court upon the Defendants' Motion to Dismiss Loss of Consortium Claim (Docket #10).  This Plaintiff has responded (Docket #13).  The Defendant has not replied and the time in which to do so has passed.  This matter is ripe for adjudication.  For the following reasons, the Defendants' Motion is **GRANTED**.

## BACKGROUND

On or about February 17, 2007, the Plaintiff Peggy H. Brown was operating her vehicle northbound on Interstate 65 in Kentucky when she was involved in a motor vehicle accident with a flatbed tractor trailer truck driven by the Defendant Richard A. Knapp on behalf of the Defendant Mason and Dixon Lines, Inc.

On December 20, 2007, the Plaintiff filed this lawsuit against the Defendants in her individual capacity and as a parent and natural guardian of Alyssa Smith and Kayla Hill, both minors.  The claims of the minor children are for loss of parental consortium.

The Defendants have filed this Motion to Dismiss the loss of consortium claims, arguing that Kentucky law prohibits recovery for a minor's loss of consortium claims not accompanied by a wrongful death claim.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

In *Lambert v. Franklin Real Estate Co.*, the Kentucky Court of Appeals held that a child may file a claim for loss of parental consortium "only in those cases where there is likewise an action for the wrongful death of the parent." *Lambert*, 37 S.W.3d 770, 780 (Ky. Ct. App. 2000). In so holding, the court considered the Kentucky Supreme Court's holding in *Giuliani v. Guiler*, 951 S.W.2d 318 (Ky. 1997), where the court "held that a surviving child may file a claim for loss of parental consortium." *Id.* at 779-80 (discussing *Giuliani*, 951 S.W.2d 318). The *Lambert* court noted that the *Giuliani* opinion "does not explicitly state whether the cause of action

approved was for wrongful death actions only, or whether the cause of action is also available in cases, such as the present case, where the parent is severely injured." *Id.* at 780.

However, the *Lambert* court reasoned that because *Giuliani* was a wrongful death case, "it was within a wrongful death context that the Supreme Court approved loss of parental consortium" *Id.* The *Giuliani* opinion also "addressed itself to overruling *Brooks v. Burkeen*, 549 S.W.2d 91 (Ky. 1997), and *Adams v. Miller*, 908 S.W.2d 112 (Ky. 1995), cases which denied loss of parental consortium in cases of wrongful death." *Id.* Further, the *Lambert* court reasoned, the *Giuliani* court stated that "'the claim of loss of parental consortium is a reciprocal of the claim of the parents for loss of a child's consortium which was recognized in KRS 411.135,'" and "KRS 411.135 provides a parent with a loss of consortium claim for the loss of a minor child only in wrongful death actions. Hence, the "reciprocal" of KRS 411.135 would appear to be limited to wrongful death cases." *Id.* (quoting *Giuliani*, 549 S.W.2d at 321). Thus, the *Lambert* court concluded, "based upon the context of *Giuliani*, its language, and the absence of a direct holding that the loss of parental consortium is available beyond wrongful death cases, *Giuliani* is best read as providing a cause of action to a child only in those cases where there is likewise an action for the wrongful death of the parent." *Id.*

The Court agrees with the United States District Court for the Eastern District of Kentucky in *Brown v. John Deere Co.* which, when similarly facing the defendant's motion to dismiss the plaintiff's loss of parental consortium claim in a non-wrongful death action, noted that in a diversity case, federal district courts "must apply the law of the state's highest court." *Brown*, 2006 U.S. Dist. LEXIS 76289, at *2 (E.D. Ky. Oct. 19, 2006) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1983)). The court went on to say that "when the state's highest court

3

has not decided the applicable law, the court must attempt to ascertain it 'from all relevant data.'" *Id.* at *3 (quoting *Bailey v. V & O Press Co.*, 770 F.2d 601, 604 (6th Cir. 1985). "Relevant data" includes state appellate court decisions, and "the Sixth Circuit has held that 'an intermediate appellate court's judgment that announces a rule of law is 'a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'" *Id.* (quoting *Garden City Osteopathic Hospital v. HBE Corporation*, 55 F.3d 1126, 1130 (6th Cir. 1995); citing *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690 (6th Cir. 2006)).

  The *Brown* court noted that the plaintiff had not cited any persuasive authority indicating that the Kentucky Supreme Court would not following the holding in *Lambert* and found no indication that the Supreme Court would not follow the decision. *Id.* at *3-4. The court therefore dismissed the plaintiff's parental loss of consortium claim. *Id.* at *4.

  The Kentucky Supreme Court has not yet decided whether a loss of parental consortium claim is available beyond wrongful death cases. The Plaintiff argues that such claims "should" be actionable under Kentucky law, and provides her own interpretation of the *Giuliani* decision discussed by the *Lambert* court. However, the Plaintiff, like the plaintiff in *Brown*, has failed to cite any persuasive authority indicating that the Kentucky Supreme Court would not following the *Lambert* holding.

  The Court agrees with the decision of the Eastern District in *Brown v. John Deere Co.* Like the *Brown* court, the Court "cannot disregard *Lambert's* clear language." *Id.* at *4; *see also Ferguson v. Aventis Pasteur, Inc.*, 444 F. Supp. 2d 755, 761 (E.D. Ky. 2006) (Kentucky law "does not recognize a claim by an adult parent for the loss of a minor's consortium, or a claim by

4

a minor child for the loss of a parent's consortium...Kentucky limits both types of consortium claims to wrongful death actions."). The claims by Alyssa Smith and Kayla Hill, both minors, brought by their parent and natural guardian, the Plaintiff Peggy H. Brown, and contained in Count III of the complaint, must be dismissed.

## CONCLUSION

The Defendants' Motion to Dismiss Loss of Consortium Claim is **GRANTED**.

An appropriate order shall issue.