UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:07-CV-00712-TBR

PEGGY H. BROWN                                                                                                         PLAINTIFF

v.

MASON AND DIXON LINES, INC., et al.                                                              DEFENDANTS

**OPINION AND ORDER**

This matter is before the Court upon Defendant's Motion for Leave to File a Third-Party Complaint (Docket #22). Plaintiff has responded (Docket #23). Defendants have failed to reply. This matter is now ripe for adjudication. For the following reasons, Defendants' Motion for Leave to File a Third-Party Complaint is **GRANTED**.

This case arises from a motor vehicle accident occurring on February 17, 2007 on Interstate 65 in Barren County, Kentucky. Plaintiff, Peggy H. Brown ("Brown"), alleges that she was severely injured when a tractor-trailer negligently driven by Defendant, Richard A. Knapp ("Knapp"), collied with Brown's car as she sat in traffic waiting for another, unrelated car accident further up the Interstate to be cleared. Brown also seeks recovery from Defendant corporations, Mason and Dixon Lines, Inc. and Rak Trucking, LLC, under a theory of respondeat superior.

Defendants now move to implead certain unknown defendants involved in the first accident, which Defendants allege proximately caused Brown's accident since Knapp's tractor-trailer would not have collied with Brown's car had traffic not been stopped on the Interstate. In response, Brown argues that Defendants' proposed third-party complaint fails to state a claim upon which relief may be granted. Additionally, Brown argues that to permit Defendants' impleader would result in confusion of the issues, additional expenses, and undue prejudice to

Brown.

Impleader is governed by Federal Rule of Civil Procedure 14(a). Rule 14(a) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 10 days after serving its original answer." Rule 14 serves to expedite the litigation process since it permits additional parties whose rights may be affected by a decision in the original action to be joined so that all interested parties' rights and liabilities can be determined in one lawsuit. *American Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008) (citing *Dishong v. Peabody Corp.*, 219 F.R.D. 382, 385 (E.D. Va. 2003)). Rule 14 is procedural and the substantive rights of a third-party must be determined by applying the appropriate state law. *Bryant & Johnston Co. v. Morrison*, 193 F.Supp. 804, 805 (E.D. Mich. 1961). If more than ten days have passed since the service of the original answer, then a third-party complaint proceeds at the discretion of the trial court. *See Nipponkoa Insurance Co. v. Ozark Motor Lines, Inc.*, 2006 WL 2947467 *3 (M.D. Tenn. 2006).

In this instance, more than ten days have passed since the service of the answer; thus, Defendants' must obtain leave of the Court before filing a third-party complaint. Under Kentucky law, actions against unknown defendants are permitted. *See* Ky. R. Civ. Pro. 4.15; *Kentucky Farm Bureau Mut. Ins. Co. v. Ryan*, 177 S.W.3d 797, 803 (Ky. 2005) Unknown defendants can be apportioned fault for the purpose of determining another defendant's percentage of fault. *Id.* In *Kentucky Farm Bureau Mut. Ins. Co. v. Ryan*, the Supreme Court of Kentucky determined that it was proper for a defendant to join an unknown motorcyclist as a party in an action arising from an automobile collision for the purpose of determining

comparative negligence.  *Id.*

The Court concludes that pursuant to Kentucky law Defendants' motion is proper.  The Court acknowledges Brown's position that Defendants are unable to establish liability against unknown defendants, but believes that any arguments in that regard are better reserved for a motion to dismiss or motion for summary judgment.

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Motion for Leave to File a Third-Party Complaint is **GRANTED**.