UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:07-CV-00712-TBR

PEGGY H. BROWN                                                                          PLAINTIFF

v.

MASON AND DIXON LINES, INC., et al.                                         DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court upon Plaintiff's Motion for Summary Judgment as to Defendants' Third-Party Complaint (Docket #59). Defendants have responded (Docket #65). Plaintiff has replied (Docket #67). This matter is now ripe for adjudication. For the following reasons, Plaintiff's Motion for Summary Judgment is GRANTED.

## BACKGROUND

This case arises from a motor vehicle accident occurring on February 17, 2007, on Interstate 65 in Barren County, Kentucky. Plaintiff Peggy H. Brown ("Brown") alleges that she was severely injured when a tractor-trailer negligently driven by Defendant Richard A. Knapp ("Knapp") collied with Brown's car as she sat in traffic waiting for another unrelated car accident further up the Interstate to be cleared. Brown also seeks recovery from Defendants Mason and Dixon Lines, Inc. and Rak Trucking, LLC under a theory of respondeat superior.

On January 26, 2009, the Court granted Defendants' motion for leave to file a third-party complaint against certain Unknown Defendants involved in the first accident, which Defendants allege proximately caused Brown's accident since Knapp's tractor-trailer would not have collied with Brown's car had traffic not been stopped on the Interstate. Brown now moves for summary judgment as to Defendants' third-party complaint.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "The mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## ANALYSIS

Brown argues that Defendants have presented no evidence establishing liability on the part of Unknown Defendants. She argues that there is no evidence in the record that Unknown Defendants owed a duty of care to Brown, that they breached their duty, and that the breach was the proximate cause of Brown's injuries. Therefore, Brown contends that no genuine issues of

material fact exist regarding the liability of Unknown Defendants and she is entitled to summary judgment as a matter of law.

Defendants respond that they have discovered evidence that a vehicle operated by Jaime Loree ("Loree") of Nashville, Tennessee, was involved in an automobile accident that occurred shortly before the accident that forms the basis of this litigation. Defendants claim that this evidence indicates that Loree negligently operated her vehicle, causing her to collide with a guardrail. Defendants allege that Loree's accident resulted in the slowing of traffic, which thereafter caused the accident between Brown and Knapp since Knapp's tractor-trailer would not have collided with Brown had she not been stopped on the Interstate. Defendants further claim that they are currently in the process of amending their third-party complaint to name Loree as a third-party defendant.

Defendants assert they have discovered evidence that Loree was involved in the first accident. However, Defendants have offered no evidence in support of this assertion. Defendants did not attach any evidence pertaining to Loree with their response brief. Over a month has passed since Defendants filed their response with the Court, and yet Defendants have not moved to amend their third-party complaint to name Loree. Nor would the Court permit them to do so at this late date. For these reasons, the Court finds that Defendants have failed to produce any evidence demonstrating that Loree was involved in the first accident. Therefore, no questions of material fact exist as to the alleged liability of Loree.

Defendants also argue that genuine issues of material fact exist as to the liability of Unknown Defendants. Defendants point to the deposition testimony of Ralph Johnson, who witnessed the collision between Brown and Knapp, that traffic was slowed because there was

3

another accident further up the road. (Dep. Ralph Johnson 18:19-19:2, Nov. 24, 2008.) Defendants argue that Brown's expert, Henry Cease, bases his opinions on witness testimony that vehicles further up the road where slowed or had come to a halt. (Dep. Henry "Sonny" Cease 44:25-45:23, 54:9-55:21, Nov. 13, 2008.) Defendants argue that this evidence raise a factual question as to whether the collision between Brown's vehicle and Knapp's tractor-trailer resulted from slowed or stopped traffic further up the road, which was caused by Unknown Defendants' negligence. Furthermore, Defendants state that their accident reconstructionist, Vice Sayre, will testify that had traffic not been slowed or stopped, the accident between Brown and Knapp would not occurred.

Rule 4.15 of the Kentucky Rules of Civil Procedure permits an action against an unknown defendant. CR 4.15; *see Ky. Farm Bureau Mut. Ins. Co v. Ryan*, 117 S.W.3d 797, 803 (Ky. 2005). Although not yet known, an unknown defendant can nonetheless be apportioned fault under Kentucky law for the purposes of determining a known defendant's percentage of fault. *Ryan*, 117 S.W.3d at 803. However, apportionment is inappropriate where an unknown defendant is immune from liability as a matter of law, or has been dismissed on the merits of the claim. *Id.* at 803 n.2 (citing *Lexington-Fayette Urban County Gov't v. Smolcic*, 142 S.W.3d 128 (Ky. 2004)).

"To recover under a claim of negligence in Kentucky, a plaintiff must establish that (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached its duty, and (3) the breach proximately caused the plaintiff's damages." *Lee v. Farmer's Rural Elec. Co-op. Corp.*, 245 S.W.3d 209, 211-12 (Ky. Ct. App. 2007) (citing *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245 (Ky. 1992)). "Whether the defendant owed a duty is a question of law for the court

4

to decide." *Id.* at 212 (citations omitted).

Here, Defendants have presented no evidence that could lead a reasonable jury to conclude that Unknown Defendants were at fault in causing the collision between Brown and Knapp. They have produced no evidence that Unknown Defendants owed a duty of care to Brown, that they breached their duty, or that the breach proximately caused Brown's injuries. Evidence that traffic had slowed or halted due to an accident ahead on the Interstate, without more, is insufficient for a reasonable jury to conclude that Unknown Defendants were at fault.

In regard to Loree, Defendants asserted in their response brief that she owed a duty of care not to impede the flow of traffic pursuant to KRS § 189.390. The Court assumes that Defendants refer to KRS § 189.390(7), which states that a "person shall not drive a motor vehicle at a speed that will impede or block the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation or in compliance with law." Applying Defendants' argument to Unknown Defendants, Defendants have failed to provide any evidence demonstrating that Unknown Defendants were driving at a speed that impeded or blocked the normal and reasonable movement of traffic on the Interstate. In short, Defendants have offered assertions, but no evidence. Therefore, the Court finds, as a matter of law, that Defendants have failed to establish that Unknown Defendants' owed a duty of care to Brown. Accordingly, Defendants' third-party complaint must be dismissed.

Finally, Defendants argue that Brown does not have standing to move for summary judgment as to Defendants' third-party claims. However, Defendants cite no case law in support of their argument. The crux of Defendants' motion centers on whether they can receive an apportionment instruction. An apportionment instruction would directly affect Brown, and

Defendants have presented no evidence in support of such an instruction. For these reasons, the Court declines to entertain Defendants' argument as to standing.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment as to Defendants' Third-Party Complaint is GRANTED.

An appropriate order shall issue.