UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:07-CV-00712-TBR

PEGGY H. BROWN                                                                                          PLAINTIFF

v.

MASON AND DIXON LINES, INC., et al.                                                         DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court upon Defendants' Motion for Partial Summary Judgment (Docket #51). Plaintiff has responded (Docket #55). Defendants have replied (Docket #57). This matter is now ripe for adjudication. For the following reasons, Defendants' Motion for Partial Summary Judgment is GRANTED.

## BACKGROUND

This case arises from a motor vehicle accident occurring on February 17, 2007, on Interstate 65 in Barren County, Kentucky. Plaintiff Peggy H. Brown ("Brown") alleges that she was severely injured when a tractor-trailer negligently driven by Defendant Richard A. Knapp ("Knapp") collied with Brown's car as she sat in traffic waiting for another unrelated car accident further up the Interstate to be cleared. Brown also seeks recovery from Defendants Mason and Dixon Lines, Inc. and Rak Trucking, LLC under a theory of respondeat superior. Defendants now move for partial summary judgment as to Brown's punitive damages claim.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and

draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "The mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## ANALYSIS

Defendants argue that Brown has presented no evidence establishing that Knapp's conduct amounted to gross negligence such that would support an award of punitive damages in this case. Defendants state that the evidence in the record demonstrates that Knapp may have been exceeding the posted speed limit and may have lost control of his vehicle due to icy road conditions. Because this evidence is insufficient to support a claim of gross negligence or reckless conduct, Defendants argue that Brown's punitive damages claim fails as a matter of law.

In response, Brown argues that there is sufficient evidence in the record before the Court to raise a factual question as to whether Knapp was acting with gross negligence when his

tractor-trailer collided with Brown's vehicle, causing her injury. Specifically, Brown points to the testimony of her Accident Reconstructionist Specialist, Henry "Sonny" Cease, who testified in his deposition that Knapp's operation of his tractor-trailer was "egregious, reckless" and that Knapp was "responsible for the damage that he created." (Henry "Sonny" Cease Dep. 128: 18-25, Nov. 13, 2008.) Brown also cites the Expert Report of John Moore stating that Knapp was not qualified to drive his tractor-trailer under Federal Motor Carrier Safety Regulations because he did not meet the driver fitness requirements. Finally, Brown relies on the deposition testimony of Knapp stating that he only reduced his speed from sixty-five to sixty miles per hour when the road conditions worsened due to rain and freezing temperatures, that he neglected to call dispatch to get a weather report, and that he was talking to an unauthorized passenger in his cab. (Richard A. Knapp III Dep. 118:9-17, 120:10-12, 93:6-12, May 28, 2008.) Brown further argues, in the alternative, that these collective acts rise to the level of gross negligence.

Kentucky courts have adopted the Restatement (Second) of Torts § 908(2) as to punitive damages awards. *Horton v. Union Light, Heat & Power Co.*, 690 S.W.2d 382, 389 (Ky. 1985). Section 908(2) provides that "[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." The threshold for an award of punitive damages in a tort case is whether there is misconduct that is "outrageous" in character, "not whether the injury was intentionally or negligently inflicted." *Horton*, 690 S.W.2d at 389.

Under Kentucky law, "[i]n order to justify punitive damages there must be first a finding of failure to exercise reasonable care, and then an additional finding that this negligence was accompanied by 'wanton or reckless disregard for the lives, safety or property of others.'" *City*

3

*of Middlesboro v. Brown*, 63 S.W.3d 179, 180 (Ky. 2001) (quoting *Horton*, 690 S.W.2d at 389-90). In *Brown v. Commonwealth*, the Kentucky Supreme Court discussed at length the standard for punitive damage awards for automobile accidents in civil cases. 174 S.W.3d 421, 436 (Ky. 2005). The court explained:

> Nearly all auto accidents are the result of negligent conduct, though few are sufficiently reckless as to amount to gross negligence, authorizing punitive damages. We are of the opinion that punitive damages should be reserved for truly gross negligence seen in cases such as *Shortridge v. Rice*, 929 S.W.2d 194 (Ky. Ct. App. 1996), *Stewart v. Estate of Cooper*, 102 S.W.3d 913 (Ky. 2003) and *Phelps v. Louisville Water Co.*, 103 S.W.3d 46 (Ky. 2003). In both *Shortridge* and *Stewart*, the defendant tortfeasors were driving while Intoxicated and in *Phelps*, the jury was presented with eighteen instances where Louisville Water Co., misrepresented the dangerous nature of a highway condition..." *Id.* at 359.

Here, there is no evidence that Knapp was exceeding the speed limit when the accident occurred. There is no evidence that Knapp was intoxicated at the time, or that he wantonly disregarded the road conditions given the rain and freezing temperatures. Furthermore, Brown has presented no evidence demonstrating that Knapp's failure to meet the fitness requirements of the Federal Motor Carrier Safety Regulations substantially contributed to the collision. For these reasons, the Court finds that Brown has failed to establish evidence sufficient for a reasonable jury to conclude that Knapp's conduct was wanton or in reckless disregard for the lives, safety or property of others. Accordingly, the Court finds that Defendants are entitled to summary judgment as a matter of law as to Brown's punitive damages claim.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment is GRANTED.

An appropriate order shall issue.